# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN HELM, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:17-0669 |
| v. | : | (JUDGE MANNION) |
| GREGORY FORESMAN, TIMOTHY MILLER and DAVID YOUNG, All In Their Individual and Official Capacities, and THE CITY OF WILLIAMSPORT, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. 7). Based upon the court's review of the motion and related materials, the motion will be denied in part and dismissed as moot in part.

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language

found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to

2

dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

According to the allegations of the plaintiff's complaint[1], the plaintiff is the President of the Fraternal Order of Police Lodge 29 serving as the highest ranking Union representative for the City of Williamsport Police Department and he is also a Lieutenant with the City of Williamsport Police Department. The plaintiff's wife is, and has been, a public critic of the leadership of the City of Williamsport Bureau of Police.

In May of 2013, the plaintiff provided favorable testimony at a civil rights trial for citizens who had pursued a claim against a Williamsport Bureau Police Captain. The plaintiff's testimony included unfavorable testimony as to the Captain's reputation in the Department. The trial resulted in a plaintiff's verdict against the Police Captain.

---

[1] As indicated, the court accepts the factual allegations of the plaintiff's complaint as true for purposes of the instant motion to dismiss.

3

In or about October 2013, defendant Miller, a Captain with the Williamsport Police Department, was training officers as to a proposed rental ordinance which had not yet been passed by the City of Williamsport but for which defendant Miller was the author and main proponent. During this training, defendant Miller advised the officers that under the ordinance they possessed the legal power to evict people without due process. The plaintiff inquired as to whether this was Constitutionally permissible. Defendant Miller responded by being openly hostile to the plaintiff and accusing the plaintiff of being insubordinate for asking the question. The plaintiff was then ordered into the hallway in what he perceived to be a threatening and demeaning manner. As a result, the plaintiff refused to go without a union representative. Defendant Miller ultimately relented and continued with the training session.

In 2014, the plaintiff alleges that a Williamsport Police Officer was involved in a crash during a pursuit which resulted in the death of a civilian. As the Union President, the plaintiff was tasked with ensuring that the officer's rights were protected and raised questions as to the handling of the matter by the City of Williamsport Bureau of Police leadership.

In or about December 2014, defendant Miller was assigned to the position of Assistant Chief. Shortly thereafter, in or about January 2015, defendant Foresman, who was then Chief of the City of Williamsport Police Department, announced his candidacy for an open Magisterial District Judge position. The plaintiff's wife joined in a public campaign against defendant

Foresman's candidacy, which included posting information on the internet relating to protection from abuse, ("PFA"), orders and discipline related to defendant Foresman. Although defendant Foresman knew this information was in the possession of his ex-wife, he instructed defendant Miller to compose an e-mail threatening members of the Williamsport Bureau of Police and accusing one of them of being a "media leak". Based upon statements made by defendant Miller in February 2015, the plaintiff believed that the e-mail was intended for him and, in his capacity as Union President and through Labor Counsel, the plaintiff expressed the Union's objection to the February 13, 2015 e-mail. In a subsequent e-mail dated February 17, 2015, defendant Miller rescinded the previous e-mail and said that the matter of the media leak would be "readdressed in an appropriate manner ASAP".

In or about April 2015, the City of Williamsport Bureau of Police held an open house during which members of the public opposed defendant Foresman's campaign for the position of District Justice. Shortly thereafter, on April 8, 2015, defendant Foresman authored an e-mail to members of the Police Department expressing his dissatisfaction with the public display and stated "this activity did not go unnoticed as everyone is aware of who the participants were." Defendant Foresman was aware that the plaintiff's wife was a participant.

On April 29, 2015, the complaint alleges that defendant Miller posted a picture of the plaintiff speaking with a City Councilman on Facebook with a

caption that stated:

> Politics or coincidence? Hmmm, this guy calls for my resignation and is chumming with the competition? The alliances are beginning to take shape.

Later, on May 1, 2015, defendant Miller posted two more images on his Facebook page indicating that he had been betrayed or "backstabbed". That same day, defendant Miller posted to his Facebook account a picture of the plaintiff and implied that he was hiding from sight because he was engaged in impermissible contact with a politician.

On May 14, 2015, the plaintiff filed unfair labor practice charges against the City of Williamsport asserting that the February 13, 2015 email, February 17, 2015 email and the Facebook postings by defendant Miller were designed to intimidate and force members of the FOP from engaging in legitimate union activity during an election session with various politicians campaigning for the position of the Mayor of Williamsport. The Pennsylvania Labor Relations Board entered into a consent order on May 19, 2015 which indicated that defendant Miller would receive a written reprimand for the inappropriate Facebook postings.

Also in or about May 2015, the plaintiff made a hostile work environment complaint to the City of Williamsport regarding defendant Miller's conduct and attitude towards him and the Facebook posts. The plaintiff indicated that he feared retaliation and targeted harassment from defendant Miller as a result of his filing the complaint. No formal investigation was launched as a result of

the plaintiff's complaint. Instead, defendant Miller was verbally counseled regarding his conduct. In response, defendant Miller wrote a memorandum to "serve as written documentation as to 'perceived discipline'", in which he indicates that he was "threatened by two high level politicians in the local government". Defendant Miller further indicated in his memorandum that he was being treated by a psychologist. According to the plaintiff's complaint, no investigation was conducted with respect to defendant Miller's claims of threats against him and no inquiry was made into his fitness for duty.

In or about the Summer of 2015, the plaintiff alleges that defendant Miller posted a series of videos, referred to as "hater-ade" videos, wherein he designated himself as a hunter of haters where he would supposedly find empty bottles of "hater-ade" while tracking haters. In the videos, defendant Miller allegedly asserted that he intended to teach a lesson to the haters.

On August 26, 2015, the plaintiff was acting as watch commander of the daywatch platoon when the Lycoming County Communications Center issued notice over the Williamsport Police radio frequency that the State Police were engaged in a vehicle pursuit in the City's east end. The plaintiff responded over the radio stating "County keep us posted, guys see if you can set up spike strips, we don't want to get involved". The plaintiff alleges that his statement regarding not wanting to get involved was directed to the vehicle pursuit itself in compliance with the Williamsport Bureau of Police's Vehicle Pursuit Policy which had been reviewed as a result of a previous vehicle

pursuit that resulted in a civilian's death. At the time he made this statement, the Pennsylvania State Police had not requested any assistance. The pursuit was ultimately completed by the Pennsylvania State Police without any request for assistance from the Williamsport Police Department.

At the direction of defendant Foresman, an investigation was conducted into the plaintiff based upon his statement that the Williamsport Police did not want to get involved in the August 26, 2015 pursuit. Defendant Miller was appointed to conduct the investigation.

On September 14, 2015, defendant Miller issued findings accusing the plaintiff of violating the Bureau of Police Mission Statement, conduct unbecoming, violation of performance of duty, lack of competency, and failure to cooperate with other agencies. By memorandum dated November 16, 2015, defendant Foresman informed the plaintiff that the internal investigation into his perceived misconduct had been completed and that he was found to be in violation of Mission Statement; general requirements of conduct unbecoming; duty requirements-performance of duty; competency; and cooperation with other agencies. A pre-disciplinary hearing was scheduled for November 23, 2015, with defendant Foresman indicating that the plaintiff would be disciplined as a result of the incident. According to the plaintiff's complaint, a formal decision on the matter of discipline has yet to be rendered with defendant Foresman not taking any formal action before his retirement and defendant Young refusing to close the matter.

In or about December 2016, defendant Miller provided defendant Young with an 11-page untitled document with numerous attachments which contained several allegations, including that the plaintiff was leaking confidential police information to both the Williamsport Sun Gazette and City Council President and that the plaintiff's wife obtained police information from a shared e-mail address with the plaintiff which resulted in the publication of confidential police information. Defendant Miller claimed to have "upwards to 400 screen shots and posts from over the last year and a half" related to the plaintiff's wife's internet posts pertaining to the Williamsport Police Department.

As a result of defendant Miller's memorandum, the only investigation initiated by defendant Young was whether the plaintiff had inappropriately handled confidential police documents. In the course of the investigation, the plaintiff indicated that an e-mail address he shared with his wife was used for Fraternal Order of Police, ("FOP"), business and it was possible that this was the source of the documents that were being posted on Facebook by someone who was apparently using a pseudonym. The plaintiff indicated that he had shared his e-mail address with his wife for over 15 years and had never experienced any problems in the past related to his wife accessing or publishing information sent to the address as part of his FOP duties. While the plaintiff indicated that he could not confirm that his wife had been publishing documents obtained from the e-mail for FOP business, being advised of the

problem, he acknowledged that she could have, and he switched to a new exclusive e-mail for FOP business. The City of Williamsport Police Department conducted an intensive investigation of the plaintiff, including requiring the plaintiff to undergo a polygraph examination, the results of which did not indicate deception. Despite this, on March 9, 2017, defendant Young suspended the plaintiff 5 days without pay for violations relating to dissemination of confidential information.

Based upon the foregoing allegations, the plaintiff filed the instant action which contains three counts. In Count I, the plaintiff sets forth a claim of First Amendment retaliation based upon freedom of association pursuant to 42 U.S.C. §1983 against the individual defendants. Here, the plaintiff alleges that his protected activity of association included being President of the Fraternal Order of Police Lodge 29 and participating in union activities. He further claims that the defendants have openly and repeatedly expressed hostility toward Union activities and that the defendants' disciplinary investigations into the plaintiff were the direct result of the defendants' animosity toward Union activities and the plaintiff's perceived association with political candidates.

Count II sets forth a First Amendment retaliation claim based upon free speech against the individual defendants. The plaintiff alleges here that his wife engaged in free speech activities by campaigning against defendant Foresman in his attempt to be elected Magisterial District Judge and engaged in free speech activities by raising questions as to corruption in the

administration of the Williamsport Police department and in advocating for reforms. The plaintiff alleges that his wife's activities were well known to the defendants and that the defendants retaliated against him for his wife's activities by subjecting him to disciplinary processes and investigations.

Finally, Count III is a claim for injunctive relief against the City of Williamsport. The plaintiff claims that an injunction is necessary to prevent irreparable harm that cannot adequately be compensated by damages by virtue of the pending disciplinary matter against him which the defendants refuse to close and/or act upon, as well as the discipline and related investigation of the alleged dissemination of confidential police information.

The defendants have moved to dismiss the plaintiff's complaint on various grounds. Initially, the defendants argue that the plaintiff's complaint should be dismissed with respect to the plaintiff's claim concerning his five day suspension because the issue is pending arbitration under the collective bargaining agreement. While conceding that there is no per se administrative exhaustion requirement for §1983 claims such as the one at hand, in light of the pending arbitration, the defendants argue that the claims are barred by the ripeness doctrine since neither a final administrative action nor an adverse employment action has been taken and the plaintiff's suspension is contingent upon a future binding arbitration decision.

With respect to this argument, the court initially notes that the plaintiff claims that an adverse employment action has been taken against him in that

the five day suspension has already been handed down and that he has already served the five day suspension without pay. In any event, the court finds the pending arbitration to be of no moment, as the plaintiff is not claiming that the defendants breached the collective bargaining agreement, but rather alleges that they violated his First Amendment rights. Where an employee is raising a claim based upon breach of the collective bargaining agreement, the employee is bound by the terms of that agreement and must at least attempt to exhaust the grievance procedures established by the agreement. See Vaca v. Sipes, 386 U.S. 171 (1967). Since the plaintiff's claim does not concern or challenge the terms of the collective bargaining agreement in this case, whether the plaintiff has completed the administrative process under that agreement is not an issue. Courts considering the matter have determined that "a plaintiff employee who sets forth a claim based on a federal statute that protects constitutional rights is not subject to the arbitration clause of a [collective bargaining agreement]." See Albert v. City of Hartford, 529 F.Supp.2d 311, 339 (D.Conn. 2007) (citing Grennan v. Nassau County, 2007 WL 952067, *22 (E.D.N.Y. Mar. 29 2007) (citing Fayer v. Town of Middlebury, 258 F.3d 117 (2d Cir. 2001)). Given the foregoing, the defendants' motion to dismiss will be denied on this basis.

Without any substantive analysis or citation to authority, the defendants next argue that some of the plaintiff's claims should be dismissed because they are precluded by the consent order which was entered in a proceeding

before the Pennsylvania Labor Relations Board. As to this argument, the party asserting preclusion bears the burden of proving its applicability to the case at hand. See Dici v. Com. of Pa., 91 F.3d 542, 548 (3d Cir. 1996) (citations omitted). As the defendants have failed to provide any substantive analysis or support for their preclusion argument, they have failed to meet their burden, and the defendants' motion to dismiss will be denied on this basis as well.

The defendants also argue that Count II of the plaintiff's complaint should be dismissed because the plaintiff does not have standing to allege retaliation for his wife's free speech. In Ballas v. City of Reading, 153 F.Supp.2d 691 (E.D.Pa. 2001), the court concluded that a wife had standing to assert her husband's speech as a basis for her First Amendment retaliation claim. Id., at 695-96. Agreeing with the reasoning of the Ballas court, the undersigned finds that the plaintiff would have standing to assert his wife's speech as a basis for his First Amendment retaliation claim.[2] Thus, the defendants' motion to dismiss will be denied on this basis.

Finally, the defendants argue that some of the plaintiff's claims should be dismissed as the statute of limitations has expired on those claims. Here, the defendants correctly argue that the statute of limitations applicable to the plaintiff's claims is two years. In relation to his First Amendment claims, the defendants argue that some of the alleged infringements date as far back as

---

[2] Whether the defendants would be entitled to qualified immunity on this claim is an issue which has yet to be raised.

May 2013. The defendants argue that any claims preceding the two-year statute of limitations must be dismissed.

In response, the plaintiff concedes that there is an applicable two-year statute of limitations and indicates that only those actions occurring on April 13, 2015 and thereafter can be asserted as claims upon which damages can be claimed. The plaintiff argues that the only adverse actions alleged in the complaint began occurring on August 26, 2015 when the defendants initiated an investigation of the plaintiff. The plaintiff indicates that any action and events pleaded in the complaint prior to April 13, 2015 are only for historical purposes. Considering the defendants' argument regarding the statute of limitations and the plaintiff's response thereto, the defendants' motion to dismiss some of the plaintiff's claims on statute of limitations grounds will be dismissed as moot.

In light of the above, the defendants' motion to dismiss will be denied in part and dismissed as moot in part. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 18, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0669-01.wpd